**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

**NATALIE K. WIGHT**
Assistant U.S. Attorney
Natalie.Wight@usdoj.gov
(503) 727-1114
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October [initials]
~~September 4,~~ 2019

Francesca Freccero
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Re:   *United States v. Nicholas James Stacy,* Case No. 3:18-cr-00638-BR
      Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charge**:  Defendant agrees to waive indictment and plead guilty to Count 1 of the Superseding Information, which charges the crime of receipt of child pornography in violation of Title 18 United States Code, Sections 2252A(a)(2) and (b)(1).

3.   **Penalties**:  Count One carries a maximum sentence of 20 years of imprisonment, a mandatory minimum term of five years of imprisonment, a $250,000 fine, a term of supervised release from five years to life, and a $100 statutory fee assessment.  A defendant may be required to pay mandatory restitution to any victim of his offense pursuant to 18 U.S.C. § 2259.  Defendant will also be required to register as a sex offender.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.  ~~Defendant further stipulates to forfeiture of any assets set forth in this agreement.~~ [initials] Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.   **Sex Offender Registration:**  Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student.  Defendant understands that he must update his registration not later than three business days following any change in name, residence, employment, or student status.  Defendant further understands that failure to comply

Francesca Freccero
Re: Stacy Plea Agreement Letter
Page 2

with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5. **Dismissal/No Prosecution**: The USAO will move to dismiss the initial Information, and the charge therein, at sentencing. The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Relevant Conduct**: Defendant understands the parties can only estimate his **criminal history category is a category I**. The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all the unlawful conduct alleged in each count of the Indictment. For sentencing purposes, the parties agree the following guideline calculations apply in this case:

>    Base offense level [U.S.S.G. § 2G2.2(a)(2)]..................................................................22
>    Use of computer [U.S.S.G. § 2G2.2(b)(6)]....................................................................+2
>    Material involving a prepubescent minor [U.S.S.G. § 2G2.2(b)(2)]..........................+2
>    Material involving sadistic/masochistic conduct [U.S.S.G. § 2G2.2(b)(4)]...............+4
>    More than 600 images [U.S.S.G. § 2G2.2(b)(7)(C)].....................................................+5
>    Receipt of Images [U.S.S.G. § 2G2.2 (b)(1)].................................................................-2
>    Acceptance of Responsibility [U.S.S.G. § 3E1.1] .........................................................-3
>    18 U.S.C. § 3553(a)............................................................................................................-3
>    **ADJUSTED Offense Level...........................................................................................27**

9. **Sentencing Recommendation**: Based on defendant's rehabilitation and continued acceptance the USAO will recommend a § 3553 variance equivalent to three offense levels. The anticipated adjusted guidelines range would be 70-87 months imprisonment. The government will recommend no higher than a guidelines-range sentence following review of the presentence investigation report. Defendant can ask for any sentence. Both parties agree to recommend a 5-year term of supervised release to follow any sentence.

Francesca Freccero
Re: Stacy Plea Agreement Letter
Page 3

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands the government reserves its right to oppose the request.

Defendant agrees, that should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

10. **Elements and Facts**: Defendant admits the elements of the offense alleged in Count 1, receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and understands the government would be required to prove the following elements beyond a reasonable doubt:

> First, between on or about September 11, 2016, and September 11, 2018, defendant knowingly received material containing child pornography;
>
> Second, defendant knew the material he received contained child pornography; and
>
> Third, the material had been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as

Francesca Freccero
Re: Stacy Plea Agreement Letter
Page 4

provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Francesca Freccero
Re: Stacy Plea Agreement Letter
Page 5

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

//

//

//

//

Francesca Freccero
Re: Stacy Plea Agreement Letter
Page 6

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. **This plea offer expires, if not accepted, by October 17, 2019, at 5:00 p.m.**

Sincerely,

BILLY J. WILLIAMS
United States Attorney

NATALIE K. WIGHT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/30/2019
Date

NICHOLAS JAMES STACY
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/30/2019
Date

FRANCESCA FRECCERO
Attorney for Defendant